1  TRACY L. WILKISON
   Acting United States Attorney
2  THOMAS D. COKER
   Assistant United States Attorney
3  Chief, Tax Division
   NAJAH J. SHARIFF (SBN 201216)
4  Assistant United States Attorney
        Federal Building, Suite 7211
5       300 North Los Angeles Street
        Los Angeles, California 90012
6       Telephone: (213) 894-2534
        Facsimile: (213) 894-0115
7       E-mail: Najah.shariff@usdoj.gov

8  Attorneys for United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.  8:20-bk-11560-TA |
| JOE ANTHONY SANTA MARIA, | Chapter 7 |
| Debtor. | UNITED STATES' NOTICE OF MOTION AND MOTION TO DELAY ENTRY OF DISCHARGE FROM JANUARY 15, 2021, TO MARCH 15, 2021 TO PRESERVE STANDING TO FILE A MOTION TO CONVERT CASE FROM CHAPTER 7 TO A CASE UNDER CHAPTER 11 PURSUANT TO 11 U.S.C. § 706; AND DECLARATION OF ERICA HIGHBAUGH IN SUPPORT THEREOF |
| | Hearing Date:   February 9, 2021<br>Hearing Time:   11:00 a.m.<br>Courtroom 5B<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

PLEASE TAKE NOTICE that at the time and date shown above, THE UNITED STATES OF AMERICA (hereinafter "United States"), on behalf of its agency, the INTERNAL REVENUE SERVICE (hereinafter "IRS"), will, and hereby does, move for an Order delaying the entry of discharge of the above-reference debtor, Joe Anthony Santa Maria (hereinafter "Debtor"), until such

1

time as the United States can file a motion to convert the above captioned case to a case under chapter 11, pursuant to U.S.C. § 706.  The current deadline for entry of discharge of the Debtor is through and including January 15, 2021. *See* Document No. 33.  For the reasons set forth below, the United States requests for entry of an order delaying the discharge of the Debtor through and including March 15, 2021.

The basis for this Notice of Motion and the Motion is set forth in the attached Memorandum of Points and Authorities, the Declaration of Erica Highbaugh, the pleadings and record in this case, and all other evidence properly presented to the Court.

PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule 9013-1(f) requires a formal response at least fourteen (14) days before the hearing regarding the Motion.  Any response must be in writing, served on the undersigned, and must comply with Local Bankruptcy Rule 9013-1(f) and must include a brief but complete statement of all reasons in opposition and declarations and copies of all documentary evidence on which the responding party intends to rely.   Pursuant to Local Bankruptcy Rule 9013-1(h), papers not timely filed and served must be deemed by the Court to be consent to the granting of the Motion.

Respectfully Submitted,

TRACY L. WILKISON
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Date: January 15, 2021        _/s/_Najah J. Shariff_____ _
NAJAH J. SHARIFF
Assistant United States Attorney
Attorneys for the UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. STATEMENT OF FACTS

Bankruptcy

On May 30, 2020, Joe Anthony Santa Maria (hereinafter "Debtor") filed a bankruptcy petition seeking relief under chapter 7 of the Bankruptcy Code. *See* Document No. 1.

As of January 4, 2021, the Debtor owed unpaid income tax liability to the IRS in the total amount of $114,296.91 for the tax years 2010, 2011, 2013, 2014, 2015 and 2016, as follows:

| Date | Amount |
|---|---|
| 12/31/2010 | $ 1,754.80 |
| 12/31/2011 | $24,183.58 |
| 12/31/2013 | $33,529.55 |
| 12/31/2014 | $ 1,105.45 |
| 12/31/2015 | $16,847.55 |
| 12/31/2016 | $ 3,966.71 |
| 12/31/2017 | $32,909.27 |

*See* Declaration of Erica Highbaugh (hereinafter "Highbaugh Decl.") ¶ 3.

According to his schedules, the Debtor has accrued a total of $130,515.72 in unsecured debt, $121,041.72 of it in unpaid tax debt owed to the IRS and $9,474 in non-priority unsecured debt. *See* Document No. 1, pages 28-29 of 60.

According to the original schedules, the Debtor states that he is a firefighter who has been employed by the Los Angeles Fire Department for 19 years earning monthly gross wages of $20,573.91. *See* Document No. 1, pages 32 of 60. On September 8, 2020, the Debtor filed an amended Schedule I clarifying that his monthly gross wages is in the amount of $9,888.26 and that his monthly overtime pay is $10,685.68 for a total of $20,573.91. *See* Document No. 14, page 3 of 6.

On September 11, 2020, the U.S. Trustee (hereinafter "Trustee")'s Office filed a Notice of Motion and Motion to Delay Entry of Discharge and to Extend Time to File a Motion to Convert Case to A Case Under Chapter 11 to December 15, 2020 (hereinafter "Trustee's Motion"). *See* Document No. 15. As stated in the Trustee's Motion, "The United State Trustee believes that the Debtor has the ability to repay most if not all his non-consumer debt to his creditors, pursuant to a chapter 11 plan, within a three to five year period… the United States Trustee believes that from a purely Schedule I and Schedule J analysis, which is the test under section 706, the Debtor has more than enough disposable income to fund a plan, when deducting from the expense side, expenses the United States Trustee believes are

inappropriate. Moreover, in order to substantiate the United States Trustee suspicions regarding expenses the Debtor is taking, some amount of limited discovery will be necessary in order to verify income, domestic support obligations and deductions taken from the Debtor's monthly pay for retirement. The United States Trustee believes that on or before December 15, 2020, he will be in a position to make a determination whether a motion to convert this case, pursuant to section 706, is warranted. In the meantime, a delay in entry of discharge is necessary in order to preserve the standing of the United States Trustee to file a motion under section 706. The United States Trustee anticipates that the entry of a discharge would create legal and procedurally challenges to bringing a motion under section 706 without the extension of time delaying entry of discharge. The extension should not be prejudicial to the Debtor, as the automatic stay remains in place, thus preventing any attempt, on the part of creditors, to pursue collection efforts." *See* Document No. 15, page 2 of 84.

By a stipulation between the Trustee and the Debtor, the Debtor agreed not to oppose the delay of an order of discharge to December 16, 2020, and agreed to cooperate fully with the discovery requests. *See* Document No. 20. By an amended Order dated October 13, 2020, the Court approved the stipulation and ordered that the discharge of the Debtor will not be entered until after December 16, 2020, and may be extended beyond that date, for good cause. *See* Document No. 26.

On December 14, 2021, a second stipulation between the Trustee and the Debtor provided the Trustee additional time until January 15, 2021, to conduct its investigation and determine whether grounds exits to convert a case under chapter 11, which was approved by the order entered by the Court on December 15, 2020. *See* Document Nos. 32 and 33.

On December 8, 2020, the Debtor filed an Amended Schedules I and J indicating that he makes monthly gross wages in the amount of $10,356.23 and overtime pay of $10,886.09 for a total amount of $21,242.32. *See* Document No. 30.

On December 14, 2020, the Debtor filed another Amended Schedule I and J indicating that he makes monthly gross wages in the amount of $10,356.23 and overtime pay of $3,201.79 for a total amount of $13,558.02. *See* Document No. 31.

## II. LEGAL DISCUSSION

**A. There is cause for the Court to extend the deadline for entry of the order of discharge from January 15, 2021, through and including March 15, 2021, to allow the United States to complete its investigation and file a motion to convert case from chapter 7 to chapter 11 under Section 706**.

11 U.S.C. § 706(b) states in relevant part that "[o]n request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time." The Bankruptcy Court has broad discretion to determine whether a case should be converted under § 706(b).

In this case, the Trustee filed a motion seeking to extend the deadline for entry of order of discharge and for additional time to investigate to make a determination whether there is adequate basis to convert this case from a chapter 7 to chapter 11 pursuant to Section 706(b). *See* Document No. 15. By orders dated October 13, 2020, and December 15, 2020, the Court granted the Trustee's request delaying the entry of discharge through and including January 15, 2021. *See* Document Nos. 26 and 33.

Here, the bankruptcy record reflects that the Debtor is an individual debtor with primarily non-consumer debts and a secure high paying job. According to the Debtor's Statement of Financial Affairs he made $182,639.00 in 2018; $208,692.00 in 2019 and from January 1, 2020 through May 30, 2020 already bankrolled $104,880.15 with seven months left in the 2020 calendar year. *See* Document No. 1, pages 37-38 of 60. His own schedules reflect a gross monthly income of $21,242.32, and net monthly income of $10,089.40. *See* Document No. 30. The Debtor's Amended Schedule J shows monthly expenses of $7,696.40. *See* Document No. 30. Therefore, based on the Debtor's own admission, he has at least $2,393.00 per month in net disposable income that could be used to repay creditors through a modest plan of reorganization. *See* Document No. 30.

Since the filing of the Trustee's Motion, the Debtor has amended his schedules numerous times, most recently on December 14, 2020, claiming that his gross monthly income is in the amount of $13,558.02 to suggest that he does not have adequate income to fund a chapter 11 plan. *See* Document

5

No. 31. The Debtor, however, has failed to provide any verification to substantiate that his income has decreased from a gross monthly income of $21,242.32 to $13,558.02.

In supplement and in consequence to the Trustee's Motion filed at Document No. 15, the United States is filing subject motion requesting additional time to investigate and verify what is the actual gross monthly income of the Debtor and to make a determination whether it should file a motion to convert this case from chapter 7 to chapter 11. The Debtor's recent actions of amending its income and expense schedules to reduce the amount of gross monthly wages earned without verification provides cause for creditor the United States to further investigate and obtain explanation as to the current financial status of this Debtor to make a determination whether a conversion to chapter 11 is warranted. In addition, many of the Debtor's deductions appear inappropriate and should be further evaluated. The Debtor's unverified assertions that his income is declining needs to be further addressed and more fully investigated for accuracy.

In concurrence with the Trustee's Motion, the United States agrees that while there is no time limit for filing a motion to convert a case to chapter 11 under section 706, the case law suggests that any such motion to convert a chapter 7 case to chapter 11 should be filed before the date a discharge is entered. *See In re Baker,* 503 B.R. 751 (Bankr. M.D. Fla. 2013); and *In re Gordon,* 465 B.R. 683 (Bankr. N.D. Ga. 2012). Furthermore, section 105 of the Bankruptcy Code empowers the Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

Finally, the United States asserts that there is no immediate prejudice to the Debtor. The Debtor will continue to receive protection with the automatic stay, including to stop any wage garnishment, a reason for the Debtor filing a chapter 7 case. The wage garnishment has been stayed and is likely to remain stayed pending the conclusion of the government's investigation. Not granting an extension, however, would force litigation over whether a party in interest has standing to file a section 706 motion after a discharge has been entered.

WHEREFORE, the United States, on behalf of its agency, the IRS, respectfully requests that this Court extend the deadline for entry of the order of discharge from January 15, 2021, through and including March 15, 2021, to allow the United States to complete its investigation and file a motion to convert the current chapter 7 case to a case under chapter 11 pursuant to Section 706.

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: January 15, 2021        /s/  Najah J. Shariff
NAJAH J. SHARIFF
Assistant United States Attorney
Attorneys for the UNITED STATES OF AMERICA

# **DECLARATION OF ERICA HIGHBAUGH**

I, Erica Highbaugh, declare and state as follows:

1. I am employed as an Insolvency Specialist for the Internal Revenue Service in Indianapolis, Indiana.

2. In my capacity as an Insolvency Specialist, I have been assigned responsibility for the Joe Anthony Santa Maria (hereinafter "Debtor") bankruptcy, case no. 8:20-bk-11560-TA, filed in the United States Bankruptcy Court for the Central District of California.  I have personal knowledge of the facts contained in this declaration.

3. As of January 4, 2021, the Debtor owed unpaid income tax liability to the IRS in the total amount of $114,296.91 for the tax years 2010, 2011, 2013, 2014, 2015 and 2016, as follows:

| Date | Amount |
|---|---|
| 12/31/2010 | $ 1,754.80 |
| 12/31/2011 | $24,183.58 |
| 12/31/2013 | $33,529.55 |
| 12/31/2014 | $ 1,105.45 |
| 12/31/2015 | $16,847.55 |
| 12/31/2016 | $ 3,966.71 |
| 12/31/2017 | $32,909.27 |

4. The facts stated in this declaration are true of my own personal knowledge, except as to any matters stated on information and believe, and as to those matters, I am informed and believe them to be true.  If called as a witness in this matter, I could and would competently testify to the matters set forth below.

///

///

///

///

///

///

1

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15 day of January, 2021, at Indianapolis, Indiana.

                                                 /s/ Erica Highbaugh[1]
                                                 Erica Highbaugh
                                                 Insolvency Specialist
                                                 Internal Revenue Service

---

[1] Due to the COVID-19 pandemic and the stay-at-home order by California Governor Gavin Newsom, the undersigned declarant is unable to comply with LBR 9011-1 to provide a holographic signature; and, consequently, pursuant to General Order 20-02 and subsequent orders, the undersigned declarant hereby attests that she concurs to the filing's content and have authorized the filing with her /s/ Erica Highbaugh electronic signature.

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
300 N. Los Angeles Street, Room 7211
Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (*specify*): <u>United States' Notice of Motion and Motion to Delay Entry of Discharge From January 15, 2021 to March 15, 2021 to Preserve Standing to File a Motion to Convert Case From Chapter 7 to a Case Under Chapter 11 Pursuant to 11 U.S.C. § 706; and Declaration of Erica Highbaugh in Support Thereof</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in <u>the</u> manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __01/15/2021,__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) __01/19/2021__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Pursuant to Chief Judge Maureen A. Tighe's Revised Interim Procedures Re: COVID 19, a Judge's Copy of the Motion is not being served on Judge Theodore C. Albert chambers, as required under LBR 5005-2(d).

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/15/2021 | Barbara Le | *(signature)* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

## PROOF OF SERVICE OF DOCUMENT (Attachment)

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

   - Frank Cadigan    frank.cadigan@usdoj.gov
   - Nicholas W Gebelt    ngebelt@goodbye2debt.com
   - Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
   - United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL:**

   **Joe Anthony Santa Maria**
   1603 El Rancho Drive
   La Habra, CA 90631

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**